IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES, | Case No. 1:10-cv-02192 LJO JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE |
| vs. | |
| JAMES HARTLEY, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed November 24, 2010.

**I.    SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.    THE COMPLAINT**

Plaintiff alleges that various prison officials at Avenal State Prison retaliated against him from June 2010 to at least September 2010. (Doc. 1 at 5-7.) Specifically, Plaintiff alleges that Defendants Vasquez, Lopez, Guerrero, Bass, and Cardwell made statements to Plaintiff while serving him his food, such as: "I hope you don't die off this for all your 602s [inmate grievances] you filed." (See id. at 5-7.)

Plaintiff asserts that he has since undergone episodes of sharp stomach pain. (Id. at 3.) Accordingly, Plaintiff has filed the instant civil rights action seeking to recover monetary damages and injunctive relief. (Id.)

## III.    DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California, the Department of Corrections and Rehabilitation has established an administrative grievance system for prisoner complaints. See Cal. Code Regs, tit. 15 § 3084.1 (West 2009). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a). The process is initiated by a prisoner submitting a CDCR Form 602, which is also known as an "inmate appeal." Id. at § 3084.2(a). The inmate appeal typically proceeds through four levels of review: an informal level, the first formal level, the second formal level, and the third formal level, also known as the "Director's Level." Id. at § 3084.5. A final decision from the Director's Level of review typically satisfies the exhaustion requirement under § 1997e(a). See, e.g., Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative

1  remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.  If a complaint
2  contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad."
3  Jones, 549 U.S. at 221.

4      Here, Plaintiff concedes in his complaint that he has not exhausted his administrative remedies
5  prior to filing this action.  (See Doc. 1 at 2.)  Plaintiff's reason for not filing an inmate grievance on this
6  matter is that the "process would take months to exhaust," and he does not have that time because the
7  alleged poisoning could cause "serious damage" and "possible death."  (Id.)  Plaintiff's general desire
8  for a prompt response to his complaints, however, does not excuse him from satisfying the exhaustion
9  requirement under the PLRA.  See, e.g., Toliver v. Benov, No. CV 09-1993 PA (FMO), 2010 U.S. Dist.
10 LEXIS 126645, at *10 (C.D. Cal. Sept. 29, 2010) ("[P]laintiff's contention that his failure to exhaust
11 his administrative remedies prior to filing his Complaint would be futile because the administrative
12 process takes too long is unpersuasive.") (internal citation omitted); Garcia v. Kirkland, No. C 05-0341
13 MMC (PR), 2006 U.S. Dist. LEXIS 90878, at *17 (N.D. Cal. Dec. 7, 2006) ("The PLRA's exhaustion
14 requirement cannot be avoided simply because the litigant does not want to take the time to pursue all
15 available administrative remedies.").  Accordingly, this action must be dismissed without prejudice. See
16 Wyatt, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so
17 long as no exception to exhaustion applies.").

18 **IV.   OTHER MATTERS**

19     Plaintiff has four motions for injunctive relief still pending before the Court.  On January 14,
20 2011, Plaintiff filed a motion for an injunction compelling prison officials at Avenal State Prison to
21 provide Plaintiff with pens and legal materials.  (Doc. 10.)  On January 18, 2011, Plaintiff filed a motion
22 for an injunction compelling the California Department of Corrections and Rehabilitation to provide
23 Plaintiff with adequate medical treatment.  (Doc. 11.)  On May 10, 2011, Plaintiff filed a motion for an
24 injunction compelling prison officials at Avenal State Prison to forward him his legal property.  (Doc.
25 13.)  Finally, on May 17, 2011, Plaintiff filed a motion for an injunction compelling prison officials at
26 California State Prison, Corcoran to grant him access to his legal property.  (Doc. 15.)

27     Federal courts are courts of limited jurisdiction, and in considering a request for preliminary
28 injunctive relief, must have before it an actual case or controversy.  City of Los Angeles v Lyons, 461

U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Lyons</u>, 461 U.S. at 102.

Here, in light of the Court's recommendation that this action be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies, there is no case or controversy upon which the Court can entertain injunctive relief. Accordingly, the Court also recommends that Plaintiff's motions for injunctive relief be denied.

**V.    CONCLUSION**

For the reasons set forth above, it is **HEREBY RECOMMENDED** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies prior to filing suit;
2. Plaintiff's January 14, 2011 motion for an injunction (Doc. 10) be **DENIED**;
3. Plaintiff's January 18, 2011 motion for an injunction (Doc. 11) be **DENIED**;
4. Plaintiff's May 10, 2011 motion for an injunction (Doc. 13) be **DENIED**;
5. Plaintiff's May 17, 2011 motion for an injunction (Doc. 15) be **DENIED**; and
6. This case be **CLOSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2011**                                   **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE